IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BERNARD S. LEVI | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv966 |
| JOHN FOX | § | |

MEMORANDUM OPINION

Petitioner Bernard Levi, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Discussion

Petitioner complains that he has been improperly denied placement in a Residential Reentry Center for a full 12 month term. According to the website operated by the Bureau of Prisons, petitioner has been transferred to a Residential Reentry Center in the District of Columbia.

A lawsuit is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed.Appx. 256, 257 (5th Cir. Feb. 22, 2007) (citing *Brown v. Resor*, 407 F.3d 282, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 f.3d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all states of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case of controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*,

150 Fed.Appx. 329, 331 (5th Cir. Oct. 6, 2005) (citation omitted).

As petitioner has already been transferred to a Residential Reentry Center, the court can no longer grant him the relief he seeks. As this court cannot grant the relief requested by petitioner, this petition is moot and should be dismissed.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed as moot. An appropriate final judgment shall be entered.

**SIGNED** this the 14 day of **February, 2011.**

_____
Thad Heartfield
United States District Judge